UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                             :

THEODOR BRUENING,                       :       Index No. 1:19-cv-01950 (JPO)
                                               :

                     Plaintiff,     :

                                             :

            -against-               :

                                           :

GREEN CASH, LLC, MAKSYM HOLOVCHENKO,  :
MIKHAIL PARSHIN a/k/a MICHAEL PARSHIN,   :
and FURKAT KASIMOV a/k/a FRANK KASIMOV,  :

                                           :

                    Defendants.    :

                                         :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW
## <u>IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS</u>

Theodor D. E. Bruening
Plaintiff *pro se*
77 W 85th Street
New York, New York 10024
(347) 403-4722

## TABLE OF AUTHORITIES

**Cases**

*Alexander Interactive, Inc. v Adorama, Inc.*
2014 US Dist LEXIS 91052 (SDNY June 26, 2014)................................................................4

*Alyeska Pipeline Serv. Co. v Wilderness Socy.*
421 US 240 (1975)................................................................................................................8

*Amusement Indus. v Stern*
657 F Supp 2d 458 (SDNY 2009)........................................................................................8

*Bacote v Riverbay Corp.*
2017 US Dist LEXIS 35098 (SDNY Mar. 10, 2017) ...........................................................8

*Bruening v. Nesmetaju, LLC, WD Services LLC, and John Does*
New York Civ. Cty. Index No. CV-006963-17/NY ..............................................................2

*Chambers v. NASCO, Inc.*
501 U.S. 32 (1991)................................................................................................................4

*F. D. Rich Co.* v. *United States ex rel. Industrial Lumber Co.*
417 U.S. 116 (1974)..............................................................................................................8

*Geltzer v Brizinova (In re Brizinova)*
565 BR 488 (Bankr EDNY 2017)........................................................................................7

*Levin v Harleston*, 966 F2d 85
(2d Cir 1992)........................................................................................................................7

*Malkan v Mutua*
2015 US Dist LEXIS 161874 (WDNY Dec. 1, 2015, No. 12-CV-0236A)............................4

*McCallum v CSX Transp., Inc.*
149 FRD 104 (MDNC 1993) ................................................................................................5

*NASCO, Inc. v. Calcasieu Television & Radio, Inc.*
894 F.2d 696 (5th Cir. 1990) ...............................................................................................4

*Revson v. Cinque & Cinque*
221 F.3d 71 (2d Cir. 2000).....................................................................................................7

*Stalley v. Mountain States Health Alliance*
644 F.3d 349 (6th Cir. 2011) ...............................................................................................5

**Statutes and Rules**

28 U.S.C. § 1927 .................................................................................................................. 4

Fed. R. Civ. P. 11 ............................................................................................................... 4

Rule 5-100 of the California Rules of Professional Conduct ...................................................... 3

**Other**

Danielle Kie Hart, *And the Chill Goes on--Federal Civil Rights Plaintiffs Beware:
Rule 11 Vis-À-Vis 28 U.S.C. § 1927 and the Court's Inherent Power*
   37 Loy. L.A. L. Rev. 645 (2004) ........................................................................................ 4

Haig, *Business and Commercial Litigation in Federal Courts*, 3d Ed. ...................................... 5

*Los Angeles County Bar Assn. Formal Opn. No. 469* (1992) ...................................................... 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                               :

THEODOR BRUENING,                   :      Index No. 1:19-cv-01950 (JPO)
                               :

               Plaintiff,    :

                               :

         -against-     :

                               :

GREEN CASH, LLC, MAKSYM HOLOVCHENKO,  :
MIKHAIL PARSHIN a/k/a MICHAEL PARSHIN,  :
and FURKAT KASIMOV a/k/a FRANK KASIMOV,  :

                               :

            Defendants.   :

                               :
-------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff *pro se* Theodor Bruening ("Bruening") respectfully submits[1] this memorandum of law in support of his motion for sanctions pursuant to this Court's inherent power. In short, defendants' counsel have acted unethically and in a way that brings the legal profession into disrepute. They have been provided opportunity to withdraw their unethical statements and have declined to do so. Sanctions are appropriate.

### STATEMENT OF FACTS[2]

Plaintiff, appearing *pro se*, brings the present action for statutory damages under the TCPA for 35 messages sent to him on his cellular phone in 2017. The defendants are the persons responsible for the sending of the messages.

In 2017, plaintiff received the messages copies of which are annexed as Exhibit 2 to the Complaint (the "Messages"). The Messages addressed plaintiff as "client" despite a

---

[1] For convenience and as is custom in litigation, plaintiff refers to himself in the third person herein.

[2] The relevant facts are described in the accompanying declaration of Theodor Bruening, dated July 9, 2019 ("Bruening Decl."), and in the Complaint, together with the exhibits annexed thereto.

complete lack of a professional or business relationship with plaintiff, and enticed plaintiff to visit websites offering short term payday loans.

Investigation revealed that the owner and/or operator of the websites was WD Services, LLC ("WDS"), an entity established in Wyoming and that WDS had sent the messages.

At that time, plaintiff commenced an action in the Civil Court for the City of New York against WDS for statutory damages under the TCPA and related state laws, *Bruening v. Nesmetaju, LLC, WD Services LLC, and John Does*, New York Civ. Cty. Index No. CV-006963-17/NY (the "Prior Action"). Plaintiff served the complaint on WDS. Not long thereafter, counsel for WDS informed plaintiff that WDS was "out of business and basically a zero-asset entity" (Bruening Decl. ¶ 2). Plaintiff thus did not prosecute the Prior Action to default, and defendants did not try to defend against default (see Newman Decl. Ex. B, "**Dismissed [due to] No Appearance <u>Either Side</u>**" (bold emphasis in original, underline added)). Sure enough, WDS was "administratively dissoved" in WY later that year (Compl. Ex. 1). Any default judgment against WDS would have been useless, which is why neither party worked for or against a default.

Thereafter, plaintiff discovered that WDS had been owned by Green Cash, LLC ("Green Cash") and run by Maksym Holovchenko ("Holovchenko"), Mikhail Parshin a/k/a Michael Parshin ("Parshin"), and Furkat Kasimov a/k/a Frank Kasimov ("Kasimov") (collectively "Individual Defendants"). Plaintiff therefore decided to recommence his lawsuit against these actors. He had the choice between asking the Civil Court for the City of New York to re-open the Prior Action which had been administratively dismissed, ask for leave to amend the complaint, and serve the defendants, or file a new action. Plaintiff chose the latter option. This action followed.

- 2 -

The original complaint in this action was served on defendants in early February of 2019. Thereafter, on February 27, 2019, Christine Reilly, an attorney at the law firm representing defendants and licensed in California contacted plaintiff by email. In her email, she stated that because of the Prior Action, plaintiff should not be permitted to "file a new lawsuit, alleging the same claims, against an entirely different company and further, to name several individuals personally merely to strengthen [his] bargaining position. This position is not only meritless, but appears to be a violation of [his] ethical duties as a lawyer. **This is the kind of conduct that leads to State Bar complaints**." (Bruening Decl. Ex. 1, emphasis added).

On March 1, 2019, defendants' counsel and plaintiff discussed this case by phone on a recorded line. Counsel was made aware of the recording at the start of the call and consented to the recording.[3] When plaintiff asked counsel to explain the basis for the threatened bar complaint, counsel was unable to respond or provide any reference to the New York Code of Professional Conduct or to any other authority. Nor did defendants offer to withdraw the threat of the bar complaint or the accusation of improper conduct. It was obvious that the threat had been made in bad faith, without basis, and for the sole purpose of harassing and intimidating a *pro se* opponent in civil litigation. On that call, plaintiff informed defendants that the threat was a violation of Rule 5-100 of the California Rules of Professional Conduct which unequivocally forbids an attorney from "threaten[ing] to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute" (Bruening Decl. Ex. 3). Counsel did not have a response to that statement and it appeared to be news to them. To date, defendants' counsel have never explained how their conduct of February 27, 2019 does not run afoul of this rule.

---

[3] A copy of the recording is available for the Court upon request.

On April 17, 2019, defendants sent plaintiff a letter in which they outlined the purported grounds for the threat made six weeks earlier. As outlined in plaintiff's response letter dated April 22, 2019, none of the authorities listed in the April 17 letter were in any way applicable or even remotely apposite (Bruening Decl. Ex. 4, 5). Defendants did not respond to plaintiff's letter, which reiterated the ethical violation inherent in the February 27 email.

On July 2, 2019, plaintiff explicitly asked defendants' counsel to withdraw their accusation and threat of February 27, 2019. Defendants' counsel stated that they would "get back to" plaintiff on the issue, but never did (Bruening Decl. Ex. 6). This motion followed.

### ARGUMENT

Federal Courts have several bases from which they can impose sanctions, such as Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the inherent power of the Court.[4]

The sanctioning power of the federal courts "is not limited to what is enumerated in statutes or in the rules of civil procedure." Danielle Kie Hart, *And the Chill Goes on--Federal Civil Rights Plaintiffs Beware: Rule 11 Vis-À-Vis 28 U.S.C. § 1927 and the Court's Inherent Power*, 37 Loy. L.A. L. Rev. 645 (2004). Federal courts have the inherent power to punish persons who abuse the judicial process. The inherent power of the court is an "implied power squeezed from the need to make the courts function." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990)). The inherent power to sanction is broad (*id.*). It includes the authority to sanction for conduct that occurs outside of the courtroom and is not limited to attorneys or parties (*id.* at 46,

---

[4] *See also Malkan v Mutua*, 2015 US Dist LEXIS 161874, at *39 (WDNY Dec. 1, 2015, No. 12-CV-0236A) ("Federal courts can use their inherent power to sanction ethics violations"), *Alexander Interactive, Inc. v Adorama, Inc.*, 2014 US Dist LEXIS 91052, at *5 (SDNY June 26, 2014) ("Although federal courts do not generally enforce state bar disciplinary rules, they have the inherent power to address attorney misconduct that occurs during the course of litigation." (citations omitted)).

57 ("As long as a party receives an appropriate hearing… the party may be sanctioned for abuses of process occurring beyond the courtroom…")). Courts also have broad discretion to determine the appropriate sanction to be imposed (*id*. at 44-45. *See also Stalley v. Mountain States Health Alliance*, 644 F.3d 349 (6th Cir. 2011) (monetary sanction can exceed amount needed for deterrence)).

When an attorney violates ethical standards, it is proper for the opposing party to file a motion for sanctions (*McCallum v CSX Transp., Inc.*, 149 FRD 104, 107 (MDNC 1993)). [5]

### I.    Defendants' Counsel Has Violated Ethical Standards

There can be no question that the email of February 27, 2019 violated Rule 5-100 of the California Rules of Professional Conduct. The threat of an ethics complaint during the pendency of the civil case,[6] while implied, is obvious. Nor is there any dispute as to whether Ms. Reilly is a member of the California bar (Bruening Decl. Ex. 2).

The threat was made in bad faith and vexatiously with the purpose to harass, intimidate and oppress. This is clear for several reasons. First, when plaintiff asked defendants' counsel point blank what the basis of the threat was, defendants' counsel was unable to state any basis whatsoever (Bruening Decl. ¶¶ 9-10). That is a clear showing of bad faith.

Second, it was not until *six weeks later* that defendants' counsel provided a collection of case law that allegedly provided the necessary fig-leaf to cover the earlier ethics

---

[5] *See also* Haig, *Business and Commercial Litigation in Federal Courts*, 3d Ed., § 54:63 ("Federal courts, like state courts, are charged with compelling the highest standards of ethical conduct for any attorney… they will not tolerate unethical conduct, no matter how it arises, or who is involved.").

[6] The complaint had been served on defendants prior to the email of February 27, 2019; by sending it, Ms. Reilly acted on behalf of defendants during this litigation. She confirmed that by email the same day (Bruening Decl. Ex. 1).

violation. As it turned out, *none* of the cases supplied by defendants' counsel were even remotely applicable (Bruening Decl. Ex. 4, 5).

Third, defendants' counsel was fully aware that plaintiff, proceeding *pro se*, was acting on his own behalf and not under the aegis of a law firm's protection and without the benefit of a law firm's malpractice insurance cover, which made the threat even more intimidating and frightening – clearly an outcome desired by defendants' counsel.

However, what is far more important is that *even if arguendo* defendants' counsel had a good-faith basis for believing that plaintiff's conduct warranted a bar complaint (which they clearly didn't), and *even if arguendo* plaintiff had engaged in conduct warranting a bar complaint (which he clearly hadn't), defendants' counsel *still* could not and should not have made the threat during the course of this litigation. Rule 5-100 of the California Rules of Professional Conduct does not contain an exception for when an attorney has a good faith belief that she has a basis for threatening a bar complaint. Indeed, an attorney's subjective opinion is "not relevant" to the finding of whether a violation occurred. *Los Angeles County Bar Assn. Formal Opn. No. 469*, p. 3 (1992) ("[T]he innocent subjective intent of the maker of the statement is not a relevant factor."). Ms. Reilly was under an absolute obligation to make no threat like the one in the February 27, 2019 email.

Nor can it be an excuse that Ms. Reilly is not a member of the bar of this Court – to hold otherwise would be to allow any law firm operating in more than one state a *carte blanche* to violate ethics rules by simply having a foreign lawyer do the dirty work.[7]

---

[7] Defendants have repeatedly stated that Ms. Reilly's application *pro hac vice* is "forthcoming" – as early as March 1, 2019 on the notice of removal (docket no. 1), and as recently as June 11, 2019 on the notice for the motion to dismiss (docket no. 32) – but to date the docket is bereft of any such application.

Nor is it an excuse that the threat was implied. "[I]t is plain that an implicit threat can chill as forcibly as an explicit threat." *Levin v Harleston*, 966 F2d 85, 90 (2d Cir 1992). No reasonable person could read a sentence like "This is the kind of conduct that leads to State Bar complaints" and not conclude that a threat is implied. This conduct is on a level with a mafia enforcer who visits local shops and seeks to establish a protection racket by telling shop owners: "That's a nice shop you have there. It would be a shame if something were to happen to it."

Finally, plaintiff offered defendants' counsel the opportunity to retract and withdraw the threat (Bruening Decl. Ex. 6). Recognizing the impropriety of one's conduct and apologizing for it is a mitigating factor when considering sanctions (*Alexander Interactive, Inc. v Adorama, Inc.*, at *6). However, when presented with the opportunity retract their statements, defendants' counsel declined to do so (Bruening Decl. Ex. 6). Nor can defendants' counsel claim that the email was an emotional outburst or the result of eager inexperience – they had the opportunity to reflect on it and take it back. They declined to do so.

In this Circuit, the "standard for imposing sanctions pursuant to the court's inherent authority is appropriately high. …[t]o impose sanctions under [the court's inherent] authority, the trial court must find clear evidence that (1) the offending party's [conduct was] entirely meritless and (2) the party acted for improper purposes." (*Geltzer v Brizinova (In re Brizinova)*, 565 BR 488, 504 (Bankr EDNY 2017), *quoting Revson v. Cinque & Cinque* 221 F.3d 71, 79 (2d Cir. 2000) (quotation marks omitted)). Rule 5-100 of the California Rules of Professional Conduct makes defendants' counsel's conduct *ipso facto* meritless; the only possible purpose for the threat is that it was calculated to intimidate and oppress a *pro se* litigant. Sanctions are appropriate.

## II.    Fees, Disqualification and/or other Sanctions Are Appropriate

A "court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Serv. Co. v Wilderness Socy.*, 421 US 240, 259 (1975) (*quoting F. D. Rich Co.* v. *United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)).

Alternatively, the Court has the power to disqualify defendants' counsel. "The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court. This authority derives from a court's inherent power to preserve the integrity of the adversary process. In exercising this power, courts balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *Amusement Indus. v Stern*, 657 F Supp 2d 458, 460 (SDNY 2009) (citations and quotation marks omitted).[8]

As shown *supra*, defendants' counsel's conduct was vexatious, wanton and undertaken for oppressive reasons. As for defendants' right to choose counsel, defendants are no strangers to litigation,[9] and as sophisticated parties are more than capable of choosing another law firm.

---

[8] *See also Bacote v Riverbay Corp.*, 2017 US Dist LEXIS 35098, at *14-15 (SDNY Mar. 10, 2017) ("Federal courts have the discretion to disqualify attorneys for ethical violations, derived from their inherent power to preserve the integrity of the adversary process." (citations and quotation marks omitted)).

[9] *See, e.g. Carter v. Green Cash, LLC and WD Services, LLC*, 6:19-cv-00378-RBD-GJK, *Cocco v. WD Services, LLC d/b/a Nesmetaju, LLC d/b/a Yougetfunded.Com*, 1:17-cv-04604, *Fuhri v. WD Services, LLC,* 3:17-cv-50108, *Brookwood Funding, LLC, et al. v. Dern Luetarn, Lead Flash, LLC, Fur-kat Kasimov, Weeklydeal LLC, Cash Reserves LLC, & Does 1-10*, 2:14-cv-07574-MWF-SH, *Gray-Lingle v. WD Services, LLC; Green Cash, LLC; Maksym Holovchenko; Mikhail Parshin; and Furkat Kasimov, et al*., 2:17-cv-01661-KJM-CKD, *Johnson-Hendricks v. WD Services, LLC, et al.,* 2:17-cv-00846-WBS-AC.

## CONCLUSION

For the reasons state above, plaintiff respectfully requests that this Court enter an order granting the motion in its entirety, award attorneys' fees to plaintiff, disqualify Manatt, Phelps & Phillips, LLP from representing defendants in this action, and/or grant such other and further relief as the Court deems just and proper.


Dated:  New York, New York
      July 9, 2019

Respectfully submitted,


By:_____
        Theodor D. E. Bruening

*Plaintiff pro se*
77 W 85th Street
New York, New York 10024
(347) 403-4722